# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SCOTT GREMILLION, on behalf of himself and other persons similarly situated** | **CIVIL ACTION NO.:** |
| **V.** | **SECTION:** |
| **COX COMMUNICATIONS, INC. and GRAYCO COMMUNICATIONS, L.P.** | **MAGISTRATE:** |

## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT AND CLASS ACTION PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Scott Gremillion ("Representative Plaintiff"), on behalf of himself and all similarly situated individuals (collectively referred to as "Plaintiffs"), who, for his Collective Action Under the Fair Labor Standards Act and Class Action Petition for Damages ("Petition"), states as follows:

## JURISDICTION AND VENUE

1.

Jurisdiction is conferred on this Court under 29 U.S.C. §216(b), 28 U.S.C. §1331 and 28 U.S.C. §1367.

2.

Venue is proper under 28 U.S.C. § 1391 (b) and (c) because defendants, Cox Communications, Inc. ("Cox") and Grayco Communications, L.P. ("Grayco") (collectively referred to as "Defendants"), do business in this district and employ personnel to work in this district, and because substantial unlawful conduct giving rise to these claims occurred in this district.

**PARTIES**

3.

The Representative Plaintiff is a citizen of the State of Louisiana. Plaintiffs are current and former employees of Defendants who have performed work for the Defendants installing and servicing Cox equipment.

4.

Made defendant herein is Cox, a Delaware corporation with principal office located at 6205-B Peachtree Dunwoody Rd., Atlanta, GA 30328. Its registered agent for service is Corporation Service Company at 40 Technology Parkway South Suite 300, Norcross, GA 30092. Cox is licensed to do business, and is doing business, in the State of Louisiana, via retailers, advertising, sales, contracts for television programing, and servicing of systems. Cox is, therefore, subject to personal jurisdiction in Louisiana for the purpose of this lawsuit.

5.

Also made defendant herein is Grayco, a Texas limited partnership with its domicile address at 719 S 18 St., La Porte, TX 77571. Its registered agent for service is Barbara J. Gray at 719 S. 8th St. La Porte, TX 77571. Grayco is licensed to do business, and is doing business, in the State of Louisiana, and several other states, via retailers, advertising, sales, contracts for television programing, and servicing of systems within the State. Grayco is, therefore, subject to personal jurisdiction in Louisiana for the purpose of this lawsuit.

6.

At all times pertinent hereto Defendants were an "employer" and therefore subject to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq.*

## STATEMENT OF THE CASE

### 7.

This Petition arises out of Defendants' individual and concerted efforts to deprive the Plaintiffs of monies rightfully earned under a scheme that violates Louisiana law, and also violated the FLSA found at 29 U.S.C. § 201, *et seq.*, and specifically the collective action provision of the FLSA found at § 216(b).

### 8.

Each of the Plaintiffs herein worked hours while employed by Defendants for which they either received no compensation, for which they were improperly paid at a rate less than one-and-one half times their normal hourly rates, and/or for which they were paid below minimum wage.

### 9.

Defendants' actions, as set forth more fully below, in failing to compensate the Plaintiffs and failing to keep records in accordance with the provisions of the FLSA, were willful.

### 10.

As set forth more fully below, Defendants have engaged and continue to engage in a centralized, widespread pattern and practice of FLSA violations, violations of Louisiana law, and intentional schemes designed to undermine and avoid the minimum wage and overtime pay provisions of the FLSA on a systemic, corporate-wide basis.

### 11.

At all relevant times herein, the Plaintiffs were employed by Defendants as technicians and installers. As technicians, the Plaintiffs regularly made house calls to customers in order to install cable equipment and related products referred to as "job assignments." The Plaintiffs

would complete several job assignments per day, each of which could last from approximately an hour to several hours.

12.

The Plaintiffs were paid a set amount per the number of "points" accumulated based on the type of job assignments.

13.

The Plaintiffs regularly worked over 40 hours in a workweek in order to complete all of their job assignments. Defendants, however, did not pay Plaintiffs for all hours worked in order to avoid overtime payments. Defendants, through the guise of the pay-per-point/unilateral charge-back scheme, denied Plaintiffs rights guaranteed them under the FLSA and Louisiana law.

14.

Defendants have failed and continue to fail to meet the requirements of Louisiana law and the FLSA by instituting policies and engaging in practices that deprive Plaintiffs of wages earned, and violate the minimum wage, overtime pay and record keeping provisions of the FLSA. Specifically, Defendants violated these provisions by, among other things:

1. Requiring, suffering, and/or permitting Plaintiffs to begin working prior to their first job assignments and failing to record or pay wages for the time worked prior to the start of their first job assignment, including, but not limited to, requiring Plaintiffs to report to the company office before they went to their first job assignment and requiring employees to call from their personal phones to receive the job assignments for the day;

2. Requiring, suffering, and/or permitting Plaintiffs to continue working after they completed all of their job assignments by, among other things, requiring Plaintiffs to

clean out their vehicles and by failing to record or pay wages for the time worked subsequent to the end of their shifts;

3. Requiring, suffering, and/or permitting Plaintiffs to work hours "off the clock" throughout their work day by failing to record or pay wages for travel time between job assignments and by engaging in a policy or practice of reducing hours on Plaintiffs' time records;

4. Violating the record-keeping provisions of the FLSA by failing to properly record hours worked;

5. Failing to properly calculate the overtime rate by, among other things, failing to record or pay wages for all hours worked and failing to pay overtime wages at one-and-one-half times the Plaintiffs' regular rate of pay as required by law;

6. Conspiring, acting as joint employers, and/or acting as successors in interest to effectuate a "charge-back" scheme designed to harm the Plaintiffs by: 1) charging the installers back (deducting from their check) more money than they earned for the job assignment, effectively making a "profit" by unilaterally taking improper and unjustified deductions from installers' pay; 2) charging Plaintiffs back for occurrences unrelated to quality of the work they originally performed such as homeowner assistance or equipment failures; 3) withholding pay illegally and in violation of FLSA; and 4) improperly taking deductions from paychecks without just cause; and

7. Defendants Cox and Grayco are liable for its actions in setting up bogus, unfunded or "judgment proof" entities as "independent contractors" in an attempt to circumvent the provisions of the FLSA and Louisiana law. Cox and Grayco have purposefully exploited the Plaintiffs by delaying or withholding their payment for services performed, making

unilateral and unwarranted deductions from those checks and then hiding behind bogus, unfunded entities as a defense to its actions.

15.

The Plaintiffs were and/or are subject to the policies, conduct and practices of Defendants set forth above and, as a result, their number of hours worked as recorded by Defendants was far less than their actual number of hours worked.

16.

Pursuant to Defendants' policies and practices, Defendants have failed and continue to fail to compensate Plaintiffs for wages earned and pay Plaintiffs the required minimum wage and overtime premium pay of one and one-half times their regular rate of pay for all hours worked in excess of a 40 hour work week.

17.

In addition to failing to compensate Plaintiffs for all hours worked, Defendants withheld uniform costs from Plaintiffs' paychecks, and improperly "charged" Plaintiffs for the failures of Defendants' equipment.

**COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA**

18.

Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

19.

Defendants have violated the provisions of the FLSA, resulting in damages to Plaintiffs, and those similarly situated, in the form of unpaid wages, incurred and incurring costs and reasonable attorney's fees.

20.

As a result of the minimum wage, overtime pay and record keeping violations of the FLSA, the Plaintiffs have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendants. In addition to the amount of unpaid wages owing to the Plaintiffs, they are also entitled to an additional amount of liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest.

21.

The Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

22.

Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Petition as Exhibit A is the Consent to Join Collective Action  form signed by the Representative Plaintiff.

23.

Defendants' actions in failing to compensate the Plaintiffs in accordance with the provisions of the FLSA were willful and not in good faith.

24.

There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Specifically, all employees and former employees of Defendants who have been employed by the Defendants as technicians, installers or field trainers in any facility owned and/or operated by Defendants in the State of Louisiana should receive notice and the opportunity to join the present lawsuit.

## CLASS ACTION FOR VIOLATIONS UNDER LOUISIANA LAW

### 25.

Plaintiffs hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

### 26.

Defendants have conspired, acted as joint employers, and/or acted as successors in interest to effectuate a "charge-back" scheme designed to harm Plaintiffs by: 1) charging the Plaintiffs back (deducting from their check) more money than they "earned" for the job assignment; 2) charging the Plaintiffs back for occurrences unrelated to quality of work they originally performed; 3) withholding pay illegally and in violation of Louisiana law; 4) and improperly taking unilateral deductions from paychecks without just cause.

### 27.

Defendants have regularly made unilateral deductions from payments to their employees for a variety of reasons not allowed under La. R.S. 23:631, *et. seq,* and have otherwise failed to pay wages under La. R.S. 23:631, *et. seq.*

### 28.

Defendants have gone so far as to deduct from Plaintiffs' wages, amounts that are greater than the wages that the individual Plaintiff was to receive for doing a particular assignment. This amounts to Defendants "charging" Plaintiffs to do uncompensated work for them and is an affront to Louisiana laws.

29.

Plaintiffs bring this Class Action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and a Class as defined below:

**"All persons who have performed installation and service of Cox Communications, Inc. cable systems in the State of Louisiana for the past three years and have been deprived of wages for work performed"** (the "Class").

30.

*Numerosity.* The Class is composed of thousands of persons geographically dispersed throughout the State of Louisiana and other states, the joinder of whom, in one action, is impractical. The Class is ascertainable and identifiable. Membership in the Class can be determined easily. Defendants can determine the identity of all Class Members from their own records.

31.

*Commonality.* Questions of law and fact common to the Class exist as to all Members of the Class and predominate over any questions affecting only individual Members of the Class. These common legal and factual issues include the following:

1. Whether Defendants deprived the Plaintiffs of rights bestowed upon Louisiana employees pursuant to La. R.S. 23:631, *et. seq.*, by making unlawful deductions from paychecks of employees in violation of Louisiana Wage and Hour law;

2. Whether Defendants conspired to deny the employees their rights as employees by a fraudulent scheme designed to convince them they were "independent contractors";

3. Whether Plaintiffs are entitled to recover compensatory, exemplary, punitive and/or other damages as a result of Defendants' unlawful conduct;

4. What is the proper mechanism for assessing and awarding damages and administering relief to the Plaintiffs, including the relief to reduce the threat of future harm to the Plaintiffs;

5. The nature and extent of compensatory damages to the Plaintiffs;

6. How compensatory damages should be allocated to the Plaintiffs; and

7. How responsibility for damages should be allocated amongst the Defendants.

32.

*Typicality.* Plaintiffs' claims are typical of the claims of the Plaintiff Class, as all such claims arise out of Defendants' uniform course of wrongful conduct complained of herein. 42.

*Adequacy of Representation.* Plaintiffs will fairly and adequately protect the interests of the Members of the Class and have no interest antagonistic to those of the Class. Plaintiffs have retained counsel experienced in complex litigation and labor and employment law matters.

33.

*Predominance and Superiority.* This Class Action is appropriate for certification because questions of law and fact common to the Members of the Class predominate over questions affecting only individual Members, and a Cass Action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all Members of the Class is impracticable. Should individual Class Members be required to bring separate actions, this Court and courts throughout the State of Louisiana would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this Class Action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

34.

Pursuant to La. R.S. 23:632(a) and (c), Plaintiffs hereby request that this Honorable Court award them attorneys' fees, costs and penalties for Defendants' actions alleged herein.

## JURY DEMAND

35.

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

**WHEREFORE**, plaintiff, Scott Gremillion, on behalf of himself and all similarly situated individuals, prays that Defendants be cited to appear and answer this lawsuit, and that after all due proceedings are had, there be judgment herein in favor of Plaintiffs and against Defendants awarding Plaintiffs damages, liquidated damages, attorneys' fees, costs, penalties, unpaid wages and interest.  Plaintiffs further pray for all other legal and/or equitable relief to which they may be entitled.

Respectfully Submitted:

*/s/ George B. Recile*

GEORGE B. RECILE (#11414)
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
MATTHEW A. SHERMAN (#32687)
PATRICK R. FOLLETTE (#34547)
*Chehardy, Sherman, Williams, Murray,*
*Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
*Counsel for Plaintiffs*

**WAIVER OF SERVICE WILL BE SENT TO DEFENDANTS**