UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SCOTT GREMILLION**  **CIVIL ACTION**

**VERSUS**  **No. 16-9849**

**COX COMMUNICATIONS, INC. ET AL.**  **SECTION I**

### ORDER AND REASONS

Before the Court is the motion[1] to dismiss filed by defendant Cox Communications, Inc. The Court recently resolved a substantively identical motion filed by Cox in another case pending before it, one involving the same plaintiffs' attorneys and the same lawyers for Cox. *See Crosby et al. v. Cox Communications, Inc. et al.*, Civil Action No. 16-6700, R. Doc. No. 22. In fact, the similarity of the two cases is highlighted by the plaintiff's brief in this case, which cuts and pastes from the plaintiffs' brief[2] in the *Crosby* case and which repeatedly refers to Superior Telecom Services, Inc.—a defendant in the *Crosby* case who is not a party to this lawsuit.[3]

The complaints in the two cases are also essentially indistinguishable, except that the plaintiff in this case claims to have been nominally employed by Grayco

---

[1] R. Doc. No. 28.
[2] *Crosby et al. v. Cox Communications, Inc. et al.*, Civil Action No. 16-6700, R. Doc. No. 26.
[3] *See, e.g.*, R. Doc. No. 32, at 6 ("[T]here exists an employment relationship between Plaintiffs and both Superior and Cox."), at 9 ("Plaintiffs have asserted that they were employed by both Superior and Cox."). The brief also repeatedly refers to the "plaintiffs" even though Scott Gremillion is the only named plaintiff in this action.

Communications, L.P., and the plaintiffs in the *Crosby* case claim to have been nominally employed by Superior.[4] The legal claims asserted in both cases are identical.

It follows that the result in *Crosby* should also govern here. Accordingly, for the same reasons provided in this Court's order and reasons in the *Crosby* case,[5]

**IT IS ORDERED** that the motion to dismiss is **GRANTED IN PART**. Plaintiff's FLSA claim is **DISMISSED WITHOUT PREJUDICE.** Plaintiff is granted leave to amend his complaint by **November 8, 2016**. Should plaintiff amend the complaint, any renewed motion to dismiss by Cox is due by **November 16, 2016**. Cox's brief shall not exceed five pages. Plaintiff's opposition to any motion to dismiss is due by **November 23, 2016**. Plaintiff's brief shall not exceed five pages. Further, plaintiff's claims under La. Rev. Stat. §§ 23:631 and 23:632 are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the remainder of the motion to dismiss is **DENIED.**

New Orleans, Louisiana, November 1, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[4] *Compare* R. Doc. No. 1 *with Crosby et al. v. Cox Communications, Inc. et al.*, Civil Action No. 16-6700, R. Doc. No. 1.
[5] *Crosby et al. v. Cox Communications, Inc. et al.*, Civil Action No. 16-6700, R. Doc. No. 34.