UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| SCOTT GREMILLION | * | CIVIL ACTION NO. 16-9849 |
| --- | --- | --- |
| | * | |
| VERSUS | * | DIVISION: 1 |
| | * | |
| COX COMMUNICATIONS LOUISIANA | * | MAGISTRATE JUDGE |
| ET AL. | * | JANIS VAN MEERVELD |
| | * | |
| ************************************* | * | |

## ORDER AND REASONS

Before the Court is the Motion for Entry of Rule 54(B) Judgment filed by defendant Cox Communications Louisiana, LLC ("Cox"). For the following reasons, the Motion is GRANTED.

On April 3, 2017, this Court granted summary judgment in favor of Cox, finding that on the undisputed facts, Cox was not plaintiff Scott Gremillion's employer under the Fair Labor Standards Act of 1938 ("FLSA") or the Louisiana Wage Payment Act ("LWPA"). Cox argues that entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) is appropriate here because this Court has dismissed all of the claims against Cox and the claims against Cox are separable from Mr. Gremillion's remaining claims against the other defendant, Grayco Communications, L.P. The Court agrees.[1]

Under Rule 54:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

---

[1] The Court notes that this motion was set for submission on May 3, 2017. Mr. Gremillion's opposition memorandum was due on April 25, 2017, pursuant to Local Rule 7.5E. No memorandum in opposition was filed. Accordingly, this motion is deemed to be unopposed.

1

Fed. R. Civ. Proc. 54(b). The Court must first determine whether it is dealing with a "final judgment." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). A "judgment" "is a decision upon a cognizable claim for relief" and such judgment is final if it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). The Court must next determine "whether there is any just reason for delay." Id. This decision is within the district court's discretion, but the court "must take into account judicial administrative interests as well as the equities involved." Id. Thus, the Court should consider whether the claims are separable from those remaining to be adjudicated and whether an appellate court would have to consider the same issue more than once. See H & W Indus., Inc. v. Formosa Plastics Corp., USA, 860 F.2d 172, 175 (5th Cir. 1988).

  Here, the Court is dealing with a final judgment. All of Mr. Gremillion's claims against Cox have been dismissed with prejudice. Further, the Court finds there is no just reason for delay. In granting Cox's motion for summary judgment, the Court has found that Cox is not Mr. Gremillion's employer under the FLSA and LWPA and that it cannot, therefore, be held liable under these acts. This issue is separate and discrete from Mr. Gremillion's remaining claims against Grayco. Gremillion's remaining claims involve a consideration of Grayco's acts and whether they violate the FLSA and LWPA. These claims do not overlap with the determination of whether Cox is Gremillion's employer. If the claims against Cox and Grayco are appealed separately, each appeal will involve different issues. Accordingly, the claims against Cox are separable and issuance of final judgment will not require the court of appeals to decide the same issue more than once.

For the foregoing reasons, IT IS HEREBY ORDERED that the MOTION is GRANTED.

New Orleans, Louisiana, this 2nd day of May, 2017.

                                                Janis van Meerveld
                                      United States Magistrate Judge