UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT GREMILLION,<br>*Plaintiff* | CIVIL ACTION<br>NO.  16-9849 |
| VERSUS | DIVISION:  1 |
| GRAYCO COMMUNICATIONS, L.P.<br>*Defendants* | MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the Motion to Compel filed by the Plaintiff (Rec. Doc. 160). On December 18, 2017, the undersigned conducted a telephone conference and ordered that defendant Grayco Communications, L.P. ("Grayco") produce Barbara Gray for deposition. The remaining issues in the Motion to Compel are addressed by this ruling. For the following reasons, the Motion is GRANTED in part.

Background

Plaintiff Scott Gremillion worked as a cable technician for defendant Grayco Communications, L.P. ("Grayco") performing cable repair and installation services for customers of Cox Communications Louisiana, LLC ("Cox"). He filed this lawsuit on behalf of himself and others similarly situated on June 13, 2016, alleging that Grayco and Cox were liable under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Louisiana's wage payment laws, La. Rev. Stat. § 23:631, *et seq.,* for failing to pay him and other technicians for work in excess of 40 hours in a work week "through the guise of the pay-per-point/unilateral charge-back scheme." (Rec. Doc. 1, ¶13).

On November 1, 2016, the District Court dismissed Mr. Gremillion's claims under La. Rev. Stat. § 23:631 and § 23:632, but held that he had stated a claim under § 23:635. (Rec. Doc.

1

41). The parties consented to proceed before the undersigned magistrate judge and on December 8, 2016, the District Judge ordered the matter be referred to the undersigned pursuant to 28 U.S.C. 636(c). (Rec. Doc. 61). The undersigned granted Cox's motion for summary judgment on the issue of joint employer liability, finding that Cox was not Mr. Gremillion's employer under the FLSA or Louisiana's wage payment laws. (Rec. Doc. 79). Cox was dismissed.

The Court then granted Mr. Gremillion's motion to conditionally certify this case as a collective action under the FLSA, defining the class as follows: all individuals who worked as a cable technician providing cable repair and installation services for Grayco Communications, L.P., in Louisiana at any time since March 24, 2014 and were paid through a point-based system. (Rec. Doc. 90). The deadline for plaintiffs to join the lawsuit has now passed and the parties are proceeding with discovery.

At issue in this motion is the discoverability of a settlement agreement (the "Texas Settlement") that Grayco entered into in an FLSA case that was filed in the United States District Court for the Southern District of Texas in 2015, Williams v. Grayco Communication, L.P., No. 4:15-cv-2893 (the "Texas Lawsuit").

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

While construing relevance broadly, this Court is anchored by the parties' pleadings. See Fed. R. Civ. Proc. 26 advisory committee's notes to 2000 amendment (explaining that in analyzing

2

relevance, the parties should "focus on the actual claims and defenses involved in the action," but that "a variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action"); see also XTO Energy, Inc. v. ATD, LLC, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at *17 (D.N.M. Apr. 1, 2016) (quoting State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14CIV9792WHPJCF, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015), aff'd, No. 14CV9792, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016))  (concluding that following the 2015 amendments to the Rules, "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'"). Thus, "[t]o implement the rule that discovery must be relevant to the claim or defense of any party, district courts have examined the relationship of the requested discovery and the facts it is intended to uncover to the specific claims and defenses raised by the parties." Thibault v. BellSouth Telecommunications, Inc., No. CIV.A. 07-200, 2008 WL 4808893, at *2 (E.D. La. Oct. 30, 2008) (M.J. Wilkinson). Indeed, the advisory committee's notes to Rule 26 explain that the parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings" and the court "has the authority to confine discovery to the claims and defenses asserted in the pleadings." Fed. R. Civ. P. 26 advisory committee's 2000 Amendment notes.

In addition to being relevant, discovery must be proportional. In determining proportionality, the parties (and the Court if called to weigh in) should consider:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Proc. 26(b)(1). As the comments to the 2015 amendments explain, the court must "consider these and all the other factors in reaching a case-specific determination of the appropriate

3

scope of discovery." Id. advisory committee's 2015 Amendment notes. Thus, where discovery is of critical importance, more burden or expense may be tolerated, while if the sought after materials are of little relevance, the Court will be less likely to impose burden and expense.

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance . . . or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Fairley v. Wal-Mart Stores, Inc., No. CV 15-462, 2016 WL 9582711, at *4 (E.D. La. Oct. 26, 2016) (quoting Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Tex. 2005) (alteration in original).

 2. *Parties' Arguments*

Citing an FLSA case where the district court decided not to seal a settlement agreement that the parties sought to file into the record, Plaintiffs insist that FLSA settlement agreements are presumed to be public. Tran v. Thai, No. CIV.A. H-08-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009). From this Court's review of the docket in the Texas Lawsuit, the settlement agreement itself was not presented to the court for approval. Instead, in requesting dismissal, the parties described their settlement agreement in general terms, representing that there had been a bonafide dispute but that the plaintiffs had a substantial risk of losing at trial, and also representing that each plaintiff would be paid a pro-rated share of unpaid minimum and overtime wages that he claimed or could have claimed. The court found the terms of the settlement to be fair and reasonable. Because the Texas Settlement itself was not made public by the court approving it (as the Tran court did), it is not clear that the reasoning of Tran applies here. Further, the Tran case involved a balancing of the parties' interest in privacy and the public's interest in access to judicial

4

records. The interests to be balanced in this case are between the Plaintiffs' need for the information and Grayco's interest in confidentiality of its settlement terms.

The Plaintiffs also argue that the Texas Settlement is discoverable because the facts of the Texas Lawsuit are very similar to the present lawsuit. It appears that the plaintiffs in the Texas Lawsuit alleged that Grayco subcontracted with a company called Protek Communications, Inc. ("Protek)", which hired the plaintiffs as cable technicians. Plaintiffs alleged that they each received a bi-weekly wage check from Grayco for some of the hours they worked and a bi-monthly production check from Protek representing piece rates and/or commissions earned for equipment installed. The plaintiffs in the Texas Lawsuit argued that they were not properly paid for overtime work and were not compensated for all hours worked. While similar, the facts of the Texas Lawsuit appear to differ from the present case in that Grayco's liability, if any, was as the joint and not direct employer of the plaintiffs there.

Plaintiffs here point out that after the Texas Lawsuit resolved, Grayco changed its practices and began treating its technicians in Louisiana as employees. They argue that the settlement agreement could contain terms that bear on Grayco's willfulness, admissions and/or acknowledgements by Grayco, or the terms under which Grayco agreed to stop unlawful practices.

Grayco counters that the Texas Settlement is not discoverable because it is subject to confidentiality provisions and it is not relevant to the present litigation. Grayco correctly points out that "[d]iscovery of a settlement agreement is only appropriate if it is relevant to the instant litigation." Moore v. Wayne Smith Trucking Inc., No. CIV.A. 14-1919, 2015 WL 6438913, at *3 (E.D. La. Oct. 22, 2015). However, in the cases that Grayco cites, the only reason, if any, presented for discoverability was that the prior settlement could inform settlement negotiations in the subsequent litigation. See Morris v. Aircon Corp., No. 9:16-CV-35, 2016 WL 7665418, at *2 (E.D.

5

Tex. Dec. 29, 2016) (holding that the settlement agreement between the plaintiffs and a non-party was not relevant or discoverable where defendants argued the agreement was relevant to their evaluation of the case and potential future settlements); Moore, 2015 WL 6438913, at *3 (denying a motion to compel settlement agreement where plaintiff failed to articulate a basis for relevance and the defendant argued the agreement was merely sought to establish benchmarks for settlement); Doe v. Methacton Sch. Dist., 164 F.R.D. 175, 176–77 (E.D. Pa. 1995) (denying a motion to compel a settlement agreement between the settling defendants and the plaintiff because the non-settling defendant had not established the relevance of a settlement agreement); see also Sheppard v. Liberty Mutual Insurance Co., No. CV 16-2401, 2017 WL 318470, at *3 (E.D. La. Jan. 23, 2017) (holding, without addressing the parties' arguments on relevance, that "offers to compromise are generally not discoverable"). As noted above, the Plaintiffs here present several bases for the relevance of the Texas Settlement to their claims and do not appear to be seeking evidence of the settlement amounts.

Gracyo also seems to argue that the Texas Settlement is not relevant or discoverable because it could never be admitted at trial to prove liability under Federal Rule of Evidence 408. Branch v. Fid. & Cas. Co. of New York, 783 F.2d 1289, 1294 (5th Cir. 1986) ("The spectre of a subsequent use to prejudice a separate and discrete claim is a disincentive which Rule 408 seeks to prevent."); Veliz v. Cintas Corp., No. C 03-1180 RS, 2008 WL 4911238, at *10 (N.D. Cal. Nov. 13, 2008) (holding that a FLSA settlement agreement by the defendants in an earlier case was not admissible for purposes of showing willfulness because the parties to the earlier settlement had agreed that it could not be admitted in any future proceeding as an admission by the defendant). As noted above in addressing the standard to be used in addressing discoverability, the Federal Rules of Civil Procedure now make clear that information need not be admissible as evidence to

6

be discoverable. Fed. R. Civ. Proc. 26(b)(1). Thus, Grayco's insistence that Plaintiffs' request is not reasonably calculated to lead to admissible evidence does not resolve the issue before the Court.

With regards to the reasons advanced by Plaintiffs for the relevance of the Texas Settlement, Grayco argues that Plaintiffs have no evidence to indicate that the Texas Settlement would contain the terms they think it "could." However, where, as here, the sought after information is relevant on its face, the Court will not require the requesting party to substantiate its position with evidence of actual relevance.

Finally, Grayco argues in the alternative that if the Texas Settlement is discoverable, the settlement amounts should be redacted because they are not relevant. For example, Grayco cites Southern Shrimp Alliance v. Louisiana Shrimp Association, where the court compelled production of a settlement agreement pursuant to an "attorneys' eyes only" protective order, finding that this protective order would adequately ensure confidentiality of the agreements. No. CIV.A. 07-3268, 2009 WL 3447259, at *2 (E.D. La. Oct. 20, 2009); see Davis v. Johns-Manville Prod., No. CIV. A. 77-2282, 1990 WL 162844, at *1–2 (E.D. La. Oct. 16, 1990) (holding that the defendant was entitled to discover the names of the settling joint tortfeasors so it could determine whether or not it could prove their fault in causing plaintiff's injuries, but the defendant was not entitled to discover the settlement amounts agreed to by these tortfeasors).

   3. *Discoverability of the Texas Settlement*

This Court employs the usual relevance and proportionality discovery analysis used to determine discoverability of the Texas Settlement. The Plaintiffs point to specific information that makes the Texas Settlement potentially relevant to their claims, arguing that the agreement could contain admissions of liability, terms bearing on the willfulness of Grayco in its practices, and

7

terms under which Grayco agreed to change its practices. Indeed, the fact that Grayco changed its method of paying its Louisiana technicians at some time following the Texas Settlement suggests that the Texas Settlement might provide insight into that change. The Court again notes that the ultimate admissibility at trial of the Texas Settlement is not an issue to be decided at this time. Instead, the Court finds that the Texas Settlement may contain information that is relevant to the Plaintiffs' claims that Grayco's actions were willful.

The Court next addresses whether production of the Texas Settlement is proportional to the needs of the case. Grayco has made no showing that production of the Texas Settlement would be burdensome. While Grayco, like all parties who negotiate for the confidentiality of their settlement agreement, has an interest in maintaining the Texas Settlement in confidence, the Court finds that in this case, its interest in confidentiality can be maintained by making disclosure of the Texas Settlement subject to a Protective Order limiting disclosure. While the Plaintiffs might be able to use depositions to obtain information relevant to Grayco's knowledge of whether certain pay practices are or were consistent with FLSA, when and how Grayco obtained knowledge that prior practices violated the FLSA, and when and why it changed said practices, the Court nonetheless finds that the Texas Settlement itself has importance because it might inform the questions that deponents are asked, or, as Plaintiffs argue, contain specific admissions that could be important to understanding the timeline, motivation, and actions of Grayco. At this stage, the Court notes, however, that no case has been made that the settlement amounts are relevant.

Accordingly, because the possible relevance of the Texas Settlement outweighs the proportionality factors, the Texas Settlement agreement is discoverable and shall be produced to the Plaintiffs; however, it shall be produced as "Confidential Information" subject to the Protective Order (Rec. Doc. 73) in this case and Grayco shall first redact 1) settlement amounts, 2) any

provisions related to attorney's fees, and 3) any personally identifying information of the plaintiffs to the Texas Lawsuit including social security numbers, birth dates, or contact information. Grayco shall produce the redacted Texas Settlement on or before January 5, 2018.

## Conclusion

For the foregoing reasons, the Motion to Compel is GRANTED in part. Grayco shall produce the Texas Settlement to the Plaintiffs in accordance with the instructions in this Order.

New Orleans, Louisiana, this 28th day of December, 2017.

*Janis van Meerveld*
Janis van Meerveld
United States Magistrate Judge