UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SCOTT GREMILLION, ET AL. | * | CIVIL ACTION |
| *Plaintiffs* | * | NO.  16-9849 |
| | * | |
| VERSUS | * | DIVISION: 1 |
| | * | |
| GRAYCO COMMUNICATIONS, L.P. | * | MAGISTRATE JUDGE |
| *Defendants* | * | JANIS VAN MEERVELD |
| | * | |

ORDER AND REASONS

Before the Court is the Motion to Compel filed by Plaintiffs (Rec. Doc. 169). For the following reasons, the Motion is GRANTED in part and DENIED in part as follows. As discussed by the parties at the February 22, 2018, status conference, Defendants do not object to production of the majority of the records and are working to produce them. As to those items, the Motion is DENIED without prejudice. The sole remaining issue concerns the production of "any and all deposition transcripts from Cornelius Williams v. Grayco Cable Services, Inc., et. al." As to this issue, the Motion to Compel is GRANTED in part and DENIED without prejudice in part.

Background

Plaintiff Scott Gremillion worked as a cable technician for defendant Grayco Communications, L.P. ("Grayco") performing cable repair and installation services for customers of Cox Communications Louisiana, LLC ("Cox"). He filed this lawsuit on behalf of himself and others similarly situated on June 13, 2016, alleging that Grayco and Cox were liable under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Louisiana's wage payment laws, La. Rev. Stat. § 23:631, *et seq.,* for failing to pay him and other technicians for work in excess of 40 hours in a work week "through the guise of the pay-per-point/unilateral charge-back scheme." (Rec. Doc. 1, ¶13).

On November 1, 2016, the District Court dismissed Mr. Gremillion's claims under La. Rev. Stat. § 23:631 and § 23:632, but held that he had stated a claim under § 23:635. (Rec. Doc. 41). The parties consented to proceed before the undersigned magistrate judge and on December 8, 2016, the District Judge ordered the matter be referred to the undersigned pursuant to 28 U.S.C. 636(c). (Rec. Doc. 61). The undersigned granted Cox's motion for summary judgment on the issue of joint employer liability, finding that Cox was not Mr. Gremillion's employer under the FLSA or Louisiana's wage payment laws. (Rec. Doc. 79). Cox was dismissed.

The Court then granted Mr. Gremillion's motion to conditionally certify this case as a collective action under the FLSA, defining the class as follows: all individuals who worked as a cable technician providing cable repair and installation services for Grayco Communications, L.P., in Louisiana at any time since March 24, 2014 and were paid through a point-based system. (Rec. Doc. 90). The deadline for plaintiffs to join the lawsuit has now passed and the parties are proceeding with discovery.

In December 2017, a discovery issue arose regarding a settlement agreement (the "Texas Settlement") that Grayco entered into in an FLSA case that was filed in the United States District Court for the Southern District of Texas in 2015, Williams v. Grayco Communication, L.P., No. 4:15-cv-2893 (the "Texas Lawsuit"). The undersigned ordered production of the Texas Settlement. (Rec. Doc. 166). The Court determined that the Texas Settlement might contain information relevant to Plaintiffs' claims that Grayco's actions were willful, noting that Grayco changed its method of paying Louisiana technicians at some point following the Texas Settlement.

Plaintiffs now seek deposition transcripts from the Texas Lawsuit. They say the Texas Lawsuit is very similar to the present lawsuit because it involved claims that Grayco failed to pay its cable conditions correct overtime wages and improperly made deductions for travel time and

meeting resulting in a failure to pay the technicians the statutory minimum wage. Plaintiffs point out that the same counsel represented Grayco in the Texas Lawsuit as here. Grayco responds that the transcripts are not relevant to this litigation, noting that Plaintiffs have already deposed Grayco and four of its corporate representatives. In the alternative, Grayco submits that if the Court is inclined to order production of transcripts, that such order exclude any transcripts of individuals or entities that are not a party to the present lawsuit.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Of note, with the 2015 amendment to Rule 26, it is now clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. In assessing proportionality of discovery, the following should be considered: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. The advisory committee comments to the 2015 amendment to Rule 26 make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information sought is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." Id. advisory committee comments to 2015 amendment. "The court's responsibility, using all the information provided by

3

the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Id.

2. *Texas Lawsuit Transcripts*

There does not appear to be any dispute that the Texas Lawsuit is similar to the present one. Plaintiffs insist that the transcripts in the Texas Lawsuit could contain testimony regarding the willfulness of Grayco's alleged practice of not paying overtime wages to the plaintiffs in this litigation. Plaintiffs point out that the individual who gave Grayco's corporate deposition here began employment with Gracyo in March 2014 and was unable to testify regarding when Grayco began treating its Texas technicians as employees. They argue that at the time of the Texas Lawsuit approximately two years before this one, deponents would likely have recalled more details. Plaintiffs add that the deposition testimony could be relevant for impeachment purposes.

While the Request for Production at issue appears to seek all deposition transcripts from the Texas Lawsuit, Plaintiffs' briefing focuses on the depositions of Grayco and its representatives. As to these deposition transcripts, the Court agrees that they are relevant to the issue of Grayco's knowledge of the FLSA and motivations regarding its decision to begin treating technicians as employees. To the extent the Texas Lawsuit testimony contradicts testimony in this lawsuit regarding the knowledge, understanding, and motivations of Grayco regarding payment methods, it could be relevant to cross examine Grayco and its representatives here. The Court notes that Grayco has presented no argument that production of transcripts would be burdensome. The Court finds that transcripts of deposition testimony by Grayco and any Gracyo representatives in the Texas Lawsuit are relevant and proportional to the needs of the case and shall be produced. To the extent Gryaco contends the transcripts contain confidential information, they may be produced pursuant to the March 6, 2017, Protective Order. Because Plaintiffs have not presented any reason

why the depositions of others (e.g., the Plaintiffs) in the Texas Lawsuit would be relevant, the Court does not now order the production of such transcripts.

Conclusion

Accordingly, for the foregoing reasons, the Motion to Compel as to the depositions from the Texas Lawsuit is Granted in part and Denied in part. Grayco shall produce the transcripts of Grayco's corporate deposition and the deposition of any Grayco representative in the Texas Lawsuit within 7 days. As to any other transcripts, the Motion to Compel is Denied without prejudice.

New Orleans, Louisiana, this 7th day of March, 2018.

Janis van Meerveld<br>United States Magistrate Judge

5