UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT GREMILLION,<br>*Plaintiff* | CIVIL ACTION<br>NO.   16-9849 |
| VERSUS | DIVISION:  1 |
| GRAYCO COMMUNICATIONS, L.P.<br>*Defendants* | MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the Motion to Compel filed by the Plaintiffs. (Rec. Doc. 193). For the following reasons, the Motion is GRANTED. Plaintiffs' request for oral argument is denied.

Background

Plaintiff Scott Gremillion worked as a cable technician for defendant Grayco Communications, L.P. ("Grayco") performing cable repair and installation services for customers of Cox Communications Louisiana, LLC ("Cox"). He filed this lawsuit on behalf of himself and others similarly situated on June 13, 2016, alleging that Grayco and Cox were liable under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Louisiana's wage payment laws, La. Rev. Stat. § 23:631, *et seq.,* for failing to pay him and other technicians for work in excess of 40 hours in a work week "through the guise of the pay-per-point/unilateral charge-back scheme." (Rec. Doc. 1, ¶13).

On November 1, 2016, the District Court dismissed Mr. Gremillion's claims under La. Rev. Stat. § 23:631 and § 23:632, but held that he had stated a claim under § 23:635. (Rec. Doc. 41). The parties consented to proceed before the undersigned magistrate judge and on December 8, 2016, the District Judge ordered the matter be referred to the undersigned pursuant to 28 U.S.C. 636(c). (Rec. Doc. 61). The undersigned granted Cox's motion for summary judgment on the issue

of joint employer liability, finding that Cox was not Mr. Gremillion's employer under the FLSA or Louisiana's wage payment laws. (Rec. Doc. 79). Cox was dismissed.

The Court then granted Mr. Gremillion's motion to conditionally certify this case as a collective action under the FLSA, defining the class as follows: all individuals who worked as a cable technician providing cable repair and installation services for Grayco Communications, L.P., in Louisiana at any time since March 24, 2014 and were paid through a point-based system. (Rec. Doc. 90). The deadline for plaintiffs to join the lawsuit has now passed and the parties are proceeding with discovery. Trial is set to begin on October 9, 2018. Discovery must be completed by July 23, 2018.

At issue in this motion is the timing for production of ICOM records by Grayco, the timing for Grayco's responses to Plaintiff's Fourth Set of Interrogatories, and the certain United States Department of Labor ("DOL") documents.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Of note, with the 2015 amendment to Rule 26, it is now clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. In assessing proportionality of discovery, the following should be considered: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. The advisory committee comments to the 2015 amendment to

Rule 26 make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information sought is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." Id. advisory committee comments to 2015 amendment. "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Id.

2. *ICOM Records*

On November 1, 2017, Plaintiff Gremillion first requested Grayco's ICOM system records regarding tasks performed by Plaintiffs and records reflect the time during which tasks were performed by Plaintiffs in the class period. After two extensions of time to respond, Plaintiff filed a motion to compel on February 20, 2018, and Grayco responded that it did not object to producing the ICOM records. In response to the present Motion to Compel, Grayco confirms that it has no opposition to producing the ICOM records. However, it reports that the records are voluminous and require a very time intensive process to obtain. The declaration of Alicia Thomas explains that she must pull information for each individual separately, one day at a time. (Rec. Doc. 195-1). Once she is able to pull up the daily route for a technician for a specific day, she must transfer the route information into an excel spreadsheet, then go back to the ICOM system and change the "View" setting for that date to a more detailed recording of that route. In that detailed view, she combs through the route information to find the start and end time for each job, and then she transfers that information into the spreadsheet. As of May 7, 2018, she had completed pulling

records for 24 of the 54 individuals requested. She estimated she would need an additional 45 days to pull the remaining individuals.

Given the burden involved in pulling the records, the Court finds 45 days a reasonable time period to complete production. Accordingly, Grayco shall complete production of the ICOM system records by June 21, 2018.

### 3. *Plaintiffs' Fourth Set of Interrogatories*

Plaintiffs are also awaiting responses to their Fourth Set of Interrogatories, which were served upon the Defendant on January 10, 2018. Grayco does not object to responding, but says that its response requires at least some reliance on the ICOM records.

Because the ICOM records are needed for Grayco to fully respond to the Interrogatories and because the Court has provided Grayco until June 21, 2018, to produce the ICOM records, Grayco shall be required to provide responses to Plaintiffs' Fourth Set of Interrogatories on or before June 28, 2018.

### 4. *DOL Records*

Plaintiffs have also requested "any documents, including but not limited to any agreements or settlements, between [Grayco] and the U.S. Department of Labor over the last 10 years concerning how [Grayco] pays its cable technicians." As noted by the Plaintiffs, this Court has previously ordered Grayco to produce copies of the FLSA settlement agreement between Grayco and its Texas technicians. In that ruling, the Court considered Plaintiffs' argument that the settlement agreement could contain admissions of liability, terms bearing on the willfulness of Grayco in its practices, and terms under which Grayco agreed to change its practices. The Court observed that the fact that Grayco changed its method of paying its Louisiana technicians at some

time following the settlement suggests that the settlement might provide insight into that change. Similarly here, the Court finds that the requested DOL records are relevant to the Plaintiffs' claims.

Although Grayco objects to production of any DOL records, it also argues that if some DOL records are ordered produced, limits should be imposed. Grayco insists that the request should be limited to the time period when Grayco began operations in Louisiana. It objects to producing information referring or relating to individuals or entities that are not a part of this lawsuit. It argues that any settlement amounts should be redacted. It argues that the identity of any individuals who are not currently Grayco representatives should be excluded or redacted from any production. And it requests that the documents be subject to the attorneys' eyes only provision of the protective order because the referenced settlement agreements were intended to be confidential.

The Court will not limit the request to the time period when Grayco begin operations in Louisiana. Investigations before that time could bear on Grayco's knowledge regarding the requirements for paying its technicians. The Court will not exclude from production documents related to individuals and entities that are non-parties. The documents may be produced subject to the protective order in this case to limit disclosure. However, the Court notes that Grayco has not advanced a sufficient reason for attorneys' eyes only protection of the documents. Nonetheless, as with the settlement agreement previously ordered produced, the Court finds that some redactions are appropriate. See Davis v. Johns-Manville Prod., No. CIV. A. 77-2282, 1990 WL 162844, at *1–2 (E.D. La. Oct. 16, 1990) (holding that the defendant was entitled to discover the names of the settling joint tortfeasors so it could determine whether or not it could prove their fault in causing plaintiff's injuries, but the defendant was not entitled to discover the settlement amounts agreed to by these tortfeasors). Grayco shall produce the requested DOL documents within 14 days and may produce them subject to the protective order (Rec. Doc. 73) and with the following information

5

redacted: 1) settlement amounts and 2) any personally identifying information of individuals involved in the DOL investigations, including social security numbers, birth dates, or contact information.[1]

## Conclusion

For the foregoing reasons, the Motion to Compel is GRANTED. Grayco shall produce the remaining ICOM records by June 21, 2018. Grayco shall serve responses to Plaintiffs' Fourth Set of Interrogatories by June 28, 2018. Grayco shall produce the requested DOL documents within 14 days, subject to the protective order (Rec. Doc. 73) and with the redaction of 1) settlement amounts and 2) any personally identifying information of individuals involved in the DOL investigations, including social security numbers, birth dates, or contact information.

New Orleans, Louisiana, this 15th day of May, 2018.

Janis van Meerveld
United States Magistrate Judge

---

[1] In reply to the pending Motion for Summary Judgment, counsel for Gremillion represented that certain DOL records had been received in response to a Freedom of Information Act request. In producing documents in compliance with this Order, Grayco need not produce those documents that Gremillion has already received.